
FILED
SUPERIOR COURT
OF GUAM

2022 AUG -2 AM 10: 24

CLERK OF COURT

BY:_____

# IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| JOSEPH LOSONGCO FLORES,<br><br>                       Plaintiff,<br><br>      v.<br><br>MAYDELENE C. GANAN-FLORES,<br><br>                    Defendant. | DOMESTIC CASE NO.: DM0480-17<br><br><br>**DECISION AND ORDER**<br>*Defendant's Second Motion for Order to<br>Show Cause Re: Contempt* |

## INTRODUCTION

This matter came before the Honorable Arthur R. Barcinas on April 7, 2022, for a continued hearing on Defendant's Second Motion for Order to Show Cause Re: Contempt. Present at the hearing were: Plaintiff Joseph Flores ("Plaintiff") with Counsel Daron Berman, and Defendant Maydelene Ganan-Flores ("Defendant") with Counsel Gary Gumataotao. Having considered the arguments, beliefs, and the applicable law, the Court hereby **DENIES** Defendant's Second Motion for Order to Show Cause Re: Contempt, and Defendant's request for attorney's fees.

## BACKGROUND

This case arises from a Complaint for Divorce that was filed on September 6, 2017. The matter was originally assigned to the Honorable Michael J. Bordallo ("Judge Bordallo"). About two years later, on August 14, 2019, the parties executed a Stipulated Interlocutory Judgment of Divorce, which was filed on August 16, 2019. The Stipulated Interlocutory Judgment of Divorce included the following provision:

> The parties have one (1) disabled child, **JOSEPH G. FLORES JR.** (DOB: 02/14/98), whom the parties agree will be under Defendant's exclusive care and custody, the *Plaintiff shall provide and/or continue to provide the parties['] adult child with undergraduate educational benefits available through employment.*

Stip. Interloc. J. Div. p. 2 (Aug. 16, 2019) (emphasis added). The Stipulated Interlocutory Judgment of Divorce was reaffirmed and incorporated in the Final Decree of Divorce, which was also filed on August 16, 2019.

On February 4, 2020, Defendant filed a Motion for Order to Show Cause Re: Contempt and an Affidavit in support thereof. The underlying issue of that motion was spousal support.

Due to Judge Bordallo's resignation on February 13, 2020, the matter was assigned to Magistrate Judge Johnathan R. Quan as Judge *Pro Tempore*. About five months later, on July 29, 2020, the matter was assigned to the Honorable Judge Dana A. Gutierrez ("Judge Gutierrez"). Then, a little more than four months later, Judge Gutierrez disqualified herself from the matter as reflected in the Form One—Disqualification filed on December 4, 2020. The matter was then assigned to this Court on December 22, 2020.

A hearing on Defendant's Motion for Order to Show Cause Re: Contempt was schedule for January 21, 2021. Then on January 20, 2021, the parties signed a Stipulation and Order to Vacate the January 21, 2021, motion hearing, and the same was filed on January 22, 2021. During a later hearing on January 4, 2022, Defense Counsel explained that Defendant

"dropped" the February 4, 2020, Motion for Order to Show Cause Re: Contempt concerning spousal support, because Plaintiff was making good faith payments on the alimony and finally completed the obligation. *See* Min. Entry 10:42:35AM (Jan. 4, 2022).

On September 16, 2021, Defendant filed a Second Motion for Order to Show Cause Re: Contempt and a Verification in support thereof. This Motion concerned Plaintiff's obligation to provide their adult child with free tuition through Plaintiff's employment at GCC. Plaintiff filed his Opposition and Declaration in support thereof on October 14, 2021. A hearing on the Motion was held on January 4, 2022, and a continued hearing on the Motion was held on April 7, 2022, where the Court then took the matter under advisement.

## DISCUSSION

### I.  CONTEMPT

Trial courts may use its contempt powers under title 7 GCA section 34101 to hold a party in contempt for failure to comply with the court's orders. *See Paul's Guam Inc. v. Superior Court of Guam*, 2020 Guam 30 ¶ 18; *see* 7 GCA § 34101. Title 7 GCA section 34101(b) establishes the penalty that may be imposed on a person found guilty of indirect contempt of court and states in relevant part:

> Any person found guilty of contempt of court pursuant to § 34102(b) [regarding indirect contempt of court] is subject to the same penalties as a person found guilty of a petty misdemeanor.

7 GCA § 34101(b). The elements of contempt are generally: "(1) a valid order, (2) knowledge of the order, (3) ability to comply with the order, and (4) willful failure to comply with the order." *Lamb v. Hoffman*, 2008 Guam 2 ¶ 44; quoting *Rodriguez v. Rodriguez*, 2003 Guam 8 ¶ 15.

The relevant order here is the Final Decree of Divorce, which reaffirms and incorporates the Stipulated Interlocutory Judgment of Divorce including the following provision:

> The parties have one (1) disabled child, **JOSEPH G. FLORES JR.** (DOB: 02/14/98), whom the parties agree will be under Defendant's exclusive care and custody, the *Plaintiff shall provide and/or continue to provide the parties['] adult child with undergraduate educational benefits available through employment.*

Stip. Interloc. J. Div. p. 2 (Aug. 16, 2019). There is no dispute that Plaintiff has knowledge of the Final Decree of Divorce because he and his attorney signed the Stipulated Interlocutory Judgment of Divorce incorporated therein. This satisfies the first two elements of contempt. Therefore, whether Plaintiff is in contempt of the Final Decree of Divorce turns on the last two elements. The Court addresses each in turn.

### a. Ability to Comply with the Order

The third element of contempt is Plaintiff's ability to comply with the Final Decree of Divorce. Plaintiff makes the following declarations relevant to this element:

> [T]he Defendant typically enrolls our son into school and makes payment without advising me that I need to take any action to ensure that he receives the educational benefits though my employment.
> …
> My son does not live with me, I do not know what he does in his day-to-day life like the Defendant.
> …
> I do not receive reasonable notice that I needed to take any action to help my son receive education benefits until after the Defendant enrolls him into school and makes payment.
> …
> I have repeatedly informed the Defendant that she has in her possession all the necessary documents that need to be submitted prior to me signing an application for the education benefits.

Pl's Decl. (Oct. 14, 2021). During the April 7, 2022, hearing Plaintiff further explained that in order for tuition benefits through his employment at the Guam Community College ("GCC") to apply to the adult child, Plaintiff needs the child's (1) registration, (2) grades, and (3) bill from

the previous semester. Such documents are accessible though the child's GCC account, which Plaintiff does not have access to. *See* Min. Entry 11:18:32AM (April 7, 2022). Further, when Plaintiff asks for the required documents to enroll the child and apply the free tuition benefits, Defendant does not respond. *See* Min. Entry 11:19:13AM (April 7, 2022).

The Court finds that Plaintiff's ability to comply with the Final Divorce Decree so as to provide their adult child with undergraduate educational benefits available through Plaintiff's employment, is prevented by Defendant's failure to provide Plaintiff with the requisite documents. The record reflects that Plaintiff has the ability to provide the free tuition benefits because Plaintiff is still employed at GCC. However, it is Defendant's conduct of withholding or otherwise failing to provide the child's documents, even after Plaintiff's request, that avert Plaintiff's ability to comply. Further, the child is in Defendant's custody. Therefore, Defendant is in a more advantageous position to access and obtain the documents on the child's GCC account. This element is not satisfied. The Court now turns to the final element for a complete analysis.

### b. Willful failure to Comply with the Order

The final element of contempt is Plaintiff's willful failure to comply with the Final Decree of Divorce. Defendant argues that Plaintiff "has failed and refused to sign the appropriate documents to provide for the education of the adult son of the parties, as required by Court order." Defendant further asserts that "Plaintiff has not communicated with Defendant to explain his willful disobedience." Def's Second Mot. p. 3 (Sept. 16, 2021). Plaintiff argues that he "never willfully failed to comply with the court's order relating to providing the parties' adult child with undergraduate educational benefits." Pl's Opp'n p. 2 (Oct. 14, 2021).

Nothing on the record reflects that Plaintiff willfully fails to comply with the Final Decree of Divorce. Instead, the record reflects the contrary. Plaintiff's willingness to comply with the Final Decree of Divorce is demonstrated by Plaintiff's request for the required documents to enroll the child and apply the free tuition benefits. However, Defendant does not respond to such request. *See* Min. Entry 11:19:13AM (April 7, 2022). Further, Defendant's argument—Plaintiff has not communicated with Defendant to explain his willful disobedience—falls flat. This argument only serves to reflect that Defendant has no basis for Plaintiff's "willful disobedience." As such, the argument fails to persuade the Court.

The Court finds that Plaintiff is willing and able to provide the free tuition benefits to the adult child as required by the Final Decree of Divorce, but it is Defendant's conduct that gets in the way of Plaintiff's ability to perform. Further, the third and fourth elements of contempt are not satisfied. Therefore, the Court does not find Plaintiff in contempt.

## II. ARROTNEY'S FEES

Guam, like other United States jurisdictions, follows the "American Rule" governing attorney's fees. *Marcis v. Swavely*, 2008 Guam 18 ¶ 15; citing *Fleming v. Quigley*, 2003 Guam 4 ¶ 35. Under the American Rule, "the prevailing litigant is ordinarily not entitled to collect a reasonably attorneys' fee from the loser." *Id.*; quoting *Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 247 (1975). Instead, all litigants "bear their own litigation expenses, including attorney's fees." *Id.*; quoting *Fleming*, 2003 Guam 4 ¶ 7. There are several recognized exceptions to the American Rule. If an exception applies, fee-shifting is allowed. The exceptions to the American Rule include where the attorney's fees are: (1) authorized by statute, (2) authorized by contract, or (3) allowed in judicially-established equitable circumstances. *Fleming*, 2003 Guam 4 ¶ 7; citing *Young v. Redman*, 128 Cal, Rptr. 86, 91 (Cal. App. 1976).

Here, Defendant requests for the Court to issue sanctions for attorney fees in the amount of two thousand five hundred dollars ($2,500.00), costs attendant to this motion, and payment of all past due amounts. Def's Second Mot. p. 3 (Sept. 16, 2021). Plaintiff argues that there is no exception to the American Rule that applies here for Defendant to be awarded attorney's fees. *See* Pl's Opp'n p. 2 (Oct. 14, 2021).

The Court finds that no exception to the American rule applies here. Therefore, the parties will bear their own expenses. Defendant's request for attorney fees is **DENIED**.

## III.   SPOUSAL SUPPORT

It appears that Defendant makes a copy-paste argument that is seemingly displaced in the instant Motion. In Defendant's February 4, 2020, Motion for Order to Show Cause re: Contempt, Defendant argues:

> The pendent lite Order is similarly clear and unambiguous. Plaintiff has failed and refused to pay Defendant as required despite his continued employment at the Guam Community College at $56,000 per year plus side employment.
> …
> Plaintiff also owes Defendant statutory interest of six percent (6%) per annum from the date due until paid in full.
> …
> Plaintiff's repeated contempt for the applicable Decree/Order is inexplicable and portends of disrespect for this honorable Court. Plaintiff has the ability to pay these sums.

*See* Def's Mot. p. 3 (Feb. 4, 2020). These arguments related to spousal support, are repeated verbatim in Defendant's instant Motion. *See* Def's Second Mot. p. 3 (Sept. 16, 2021).

It is the Court's understanding that the issue of spousal support as set forth in Defendant's February 4, 2020, Motion for Order to Show Cause Re: Contempt was "dropped" as represented by Defense counsel at the January 4, 2022, motion hearing due to Plaintiff "making good faith payments on the alimony." *See* Min. Entry 10:42:35AM (Jan. 04, 2022). In other words, as the Court understands it, the issue of spousal support is moot. Further, Plaintiff

asserts that he has paid "all the monies owed to Defendant pursuant to our divorce decree." *See* Pl's Decl. (Oct. 14, 2021). This further confirms the Court's understanding that the issue of spousal support is moot. Therefore, Defendant's echoed arguments in the instant Motion only serve to confuse and frustrate the Court. As such, the Court does not address Defendant's arguments as they relate to the issue of spousal support in this Decision and Order. If the issue of spousal support is in fact moot, and Defense did "drop" Defendant's February 4, 2020, Motion for Order to Show Cause Re: Contempt as represented to the Court at the January 4, 2022, hearing then Defense counsel should put the withdrawal of such motion in writing and file it with the Court.

## CONCLUSION

For the reasons set forth above, the Court hereby **DENIES** Defendant's Second Motion for Order to Show Cause Re: Contempt, and Defendant's request for attorney's fees.

**IT IS SO ORDERED**    AUG 0 2 2022   .

_____
**HONORABLE ARTHUR R. BARCINAS**
Judge, Superior Court of Guam

SERVICE
I acknowledge that an e-
copy of the original was e-mailed

Date: _____ Time: 8/2/22

Joseph Bamba Jr.
Deputy Clerk, Superior Court of Guam